## Commonwealth ex rel. Romano v. Banmiller

*Benjamin H. Renshaw, Jr.,* Assistant District Attorney, for Commonwealth.

*Anthony Romano,* relator, pp.

KELLEY, J., September 22, 1959.—This matter comes before the court on relator's petition for writ of habeas corpus. Relator is presently incarcerated, serving a sentence of life imprisonment following his conviction of murder in the first degree for the slaying of one Albert Foglietta. He has, prior hereto, unsuccessfully

appealed his conviction and sentence: Commonwealth v. Romano, 392 Pa. 632 (1958).

In his petition relator alleges that:

1. His conviction was based chiefly on evidence secured in violation of his fundamental liberties, in that his home was searched by Philadelphia police without a search warrant, that various articles of clothing found therein were admitted into evidence at trial and that a statement of his spouse was introduced into evidence against him contrary to the law of this Commonwealth.

2. He was denied due process of law in that he was arrested and taken into custody by officers acting without a warrant, removed from the jurisdiction after arrest and before preliminary hearing and did not receive a preliminary hearing until three days after his arrest.

3. The Commonwealth lost jurisdiction to prosecute because of its failure to comply with the constitutional guaranty of a speedy trial in that he was indicted in April 1956, but was not tried until April 1957.

We think that relator's allegations, even if accepted as fact, will not support the issuance of the writ for which he prays. Insofar as his contention of extra-legal arrest and search is concerned, the decisions are legion that a complaint of an arrest without a warrant, or of a house search without a warrant, or of the admission of evidence thereby obtained, is not reviewable by way of habeas corpus after trial and conviction: Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271, 274 (1951); Commonwealth ex rel. Bollinger v. Myers, 185 Pa. Superior Ct. 160, 162 (1958); Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 349 (1954).

Insofar as relator's contention of extra legal detention after arrest and before preliminary hearing is concerned, it is settled that there is no prescribed time

within which a preliminary hearing must be held (Commonwealth ex rel. Nagle v. Day, 181 Pa. Superior Ct. 605, 608 (1956)), and that any alleged irregularities prior to indictment cannot be raised by the petition now before the court: Commonwealth ex rel. Ketter v. Day, 181 Pa. Superior Ct. 271, 273 (1956). The writ of habeas corpus is not a substitute for a motion for new trial or for an appeal or for a writ of error, (Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124 (1950)), and the objections now raised before us are properly the subjects of such procedure: Commonwealth ex rel. Corbin v. Banmiller, 391 Pa. 265 (1958); Commonwealth ex rel. Ashmon v. Banmiller, 391 Pa. 141, 144 (1958); Commonwealth ex rel. Ketter v. Day, supra.

Relator contends he was denied his right to a "speedy trial" in view of the alleged one-year delay between indictment and trial. While it is true that article I, sec. 9, of the Constitution of this Commonwealth was intended to prevent unnecessary and oppressive imprisonment pending trial, it should be noted that if any improper incarceration prior to trial had occurred, it should have been the subject of a habeas corpus petition at that time: Commonwealth ex rel. Corbin v. Banmiller, supra, at p. 270. That it would not impugn a subsequent trial and conviction is pointed up by Commonwealth v. Moncak, 375 Pa. 559, 562 (1954), where it was decided that the writ, when granted because of the absence of a speedy public trial, was a discharge from imprisonment only and not a release from subsequent prosecution and trial.

Accordingly, on September 1, 1959, the rule granted upon the Commonwealth to show cause why a writ of habeas corpus should not issue was discharged and relator's petition was dismissed.