## Commonwealth ex rel. Sukaly v. Maroney

*Andrew Sukaly*, p. p.

*Edward Boyle*, District Attorney, and *Louis Abramson*, Assistant District Attorney, for respondent.

LANSBERRY, P. J. (16th Judicial District, Specially Presiding), November 21, 1962.—In this habeas corpus proceeding instituted by Andrew Sukaly, the respondents, the superintendent of the State Correctional Institution at Pittsburgh and the district attorney of Allegheny County, Pennsylvania, have filed their answer agreeable to the rule to show cause why the writ should not issue as authorized by the order of the Court of Common Pleas of Allegheny County entered July 26, 1962.

Following a brief narrative of the offense charged against this petitioner, of which the jury found him guilty of robbery on March 17, 1961, in proceedings had to no. 47, June sessions, 1960, in the Court of Oyer and Terminer of Allegheny County, and a review and consideration of the contentions and bases advanced by petitioner for the issuance of the writ, we may then dispose of the rule heretofore awarded. Preliminarily

we may note, however, that notwithstanding that a motion for a new trial was made, argued and considered, only one of the contentions here asserted was raised by the motion for the new trial.

On May 13, 1960, at about 9 p.m., a robbery occurred at the Schwartz Super Market in Sharon. The manager, Bernard Rozensky, and the cashier, Dolores Eller, were forced at gun-point to lie on the floor. One of the robbers held the gun while the other taped both of the victims. Approximately $2,000 was stolen, part of this sum in cash money consisting of paper bills and coins and part in checks. The police were called and from the description furnished by the victims, William Schaeffer, previously known to the police, was suspected as being one of the robbers. The police knew that Schaeffer occasionally stayed at the home of Geraldine Clemens, at 609 Parkwood Street. They immediately placed the house under surveillance and shortly thereafter observed the suspect Schaeffer entering the house. He was soon followed to this house by petitioner, Andrew Sukaly. Both Schaeffer and Sukaly were carrying paper bags. Twenty minutes after they entered this house, petitioner came out of the house. Several of the officers followed him as he walked toward and entered a nearby parked car. When he saw them approach he got out of the car and was apprehended as he walked from the car. A search of the car revealed a paper bag, clothes line, empty spools of tape, two guns and a number of rolls containing change in another paper bag as well as shotgun shells and ammunition for a revolver.

Schaeffer was later apprehended and admitted his part in the robbery of the Schwartz Super Market. The two victims, Dolores Eller and Bernard Rozensky, positively identified petitioner as one of the robbers. Schaeffer, the accomplice, refused to name Sukaly by name as an accomplice but described the accomplice and told of the manner in which the robbery was committed and

inferentially implicated the applicant. The jury returned a verdict of guilty. The applicant was ably represented by counsel, A. C. Hepps, Esq. The motion for a new trial was filed and argued. After argument the motion for a new trial was denied and the sentence was imposed.

The scope and function of a writ of habeas corpus, in the type of situations here presented, is for the review of constitutional and jurisdictional errors regardless of time: United States v. Smith, 331 U. S. 469, 91 L. Ed. 1610 (1947), and, being a civil remedy, it lies to secure the freedom of a prisoner unlawfully detained where such errors have not been considered and corrected. But a writ of habeas corpus does not and may not replace the normal appellate review of questions properly raised thereby: Commonwealth ex rel. Koleg v. Ashe, 140 Pa. Superior Ct. 215; Commonwealth ex rel. Estelle v. Cavell, 191 Pa. Superior Ct. 200. The writ does not provide a review of alleged errors in the charge to the jury: Commonwealth ex rel. Brogan v. Banmiller, 184 Pa. Superior Ct. 552. These and similar issues are properly considered in a motion for a new trial or arrest of judgment after conviction.

Petitioner has asserted five specific contentions in support of his petition for this writ of habeas corpus. We shall state and examine the contentions in the order in which they are presented.

The first contention is that it was illegal to arrest and detain a citizen for ten months before he was given a trial since he made no motions for continuance nor any agreement to the alleged constitutional denial. The substance of this contention is that he has been denied a speedy trial in violation of the constitutional provisions guaranteeing such to every citizen. Under the law of Pennsylvania, this question is not subject to review in a habeas corpus proceeding after conviction and sentence: Commonwealth ex rel. Gist v. Banmiller,

398 Pa. 162. The constitutional provision guarantees to an accused a speedy, public trial by an impartial jury but this does not require an immediate trial and further, this constitutional guarantee was intended to prevent unnecessary and oppressive imprisonment while awaiting the trial of the case. Where an accused fails to raise an alleged violation of this constitutional right by a motion to quash the indictment, he is deemed to have waived this provision of the law: Commonwealth v. Smihal, 182 Pa. Superior Ct. 232. Our own review of the preliminary proceedings prior to the calling of this case for trial and the want of action on the part of the accused petitioner and his counsel at the proper time constrains us to the conclusion that he has not been denied a speedy, public trial as he now, for the first time, contends.

The second contention of petitioner in substance is that he was charged with feloniously taking the sum of $2,000 lawful money whereas as the trial of the case the evidence introduced by the Commonwealth was to the effect that he allegedly took $1,000 in bills and coins and another $1,000 in various checks. Otherwise stated, he contends that there was a variance between the allegata in the information and indictment against him and the probata adduced at the trial of the cause. This contention was not raised at the trial at which time and place it should have been raised: Commonwealth v. Jackson, 196 Pa. Superior Ct. 539, 543. However, the contention is without merit. Had the matter been raised at the trial of the case we have no doubt that the trial court would have overruled the objections. Compare Commonwealth v. Silva, 193 Pa. Superior Ct. 490, 493.

The third contention is in substance that he was detained incommunicado for a period of seven days prior to his preliminary hearing and that he was denied the benefit of counsel at the time of the hearing and

that he was mistreated during that seven-day period. It must be remembered that the purpose of a preliminary hearing as are other preliminary proceedings is to ascertain whether or not there is probable cause to believe that the accused had committed the crime charged against him. The applicable rule is stated by President Judge Rhodes in Commonwealth ex rel. Roberts v. Keenan, 170 Pa. Superior Ct. 282, at page 288 in the following language:

"In the first place, there is no prescribed time within which a preliminary hearing must be held. Each case must generally depend upon its own facts and circumstances. Com. v. Shupp, 365 Pa. 439 . . ."

We are not impressed with this contention at this time. Nor do we find any merit in the suggestion now made that the accused petitioner was held incommunicado, denied the benefit of counsel or mistreated during that period of time between his being taken into custody and his preliminary hearing. As the evidence at the trial of the case clearly revealed, it was necessary to make rather extensive investigation by the police officers into the matter of which petitioner was accused and we are more than satisfied that the seven-day period here involved was not under the circumstances excessive or unlawful. The evidence produced at the trial is silent as to any denial of communication or mistreatment and we suspect this is an afterthought.

The fourth contention advanced by petitioner is that he was convicted on perjured testimony. A review of the trial record discloses this contention is wholly without merit. Moreover, as pointed out, supra, this is not a proper question for determination in this proceeding nor is it a basis for the issuance of the writ. The suggestion contained in the contention is that one Schaeffer, an accomplice in the robbery with which petitioner was charged, in perjured testimony identified petitioner in the conduct of the alleged robbery.

The testimony of Schaeffer is quite the contrary. He refused consistently to name petitioner as an accomplice. He did give testimony which corroborated the positive identification made by the two victims of the Schwartz Market holdup and in great detail related what "the other man" did in the commission of the crime.

In the fifth contention, it is asserted that the trial court in the charge to the jury failed to properly inform the jury as to an alibi in the law. This question was raised in the motion for a new trial; it was carefully inquired into; the contention was found there to be untenable and we can only say in this proceeding the contention is not only not a basis for the granting of a writ of habeas corpus, but as a matter of fact and procedure this very contention was raised, considered and found adverse to petitioner. It cannot now be sustained.

For the reasons hereinbefore indicated and upon a careful review of the arguments and the contentions of petitioner for the issuance of a writ of habeas corpus which we find to be without merit, the petition of Andrew Sukaly for the issuance of a writ of habeas corpus must be denied which we now do in the following

*Order*

Now, November 21, 1962, the petition for the writ of habeas corpus sought by Andrew Sukaly having come on for consideration by the court and the petition as well as the answers having been carefully examined and considered, upon consideration, the rule heretofore awarded to show cause why the writ of habeas corpus should not issue is discharged, the petition is dismissed and the writ of habeas corpus refused.