Commonwealth *v.* Williams, Appellant.

Submitted January 2, 1968.   Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas J. McBride,* for appellant.

*Paul R. Michel* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 15, 1968:

In 1954 appellant was sentenced for a series of offenses including several charges of burglary, larceny, and firearms violations.   Some convictions were ob-

tained after a jury trial and some after guilty pleas. Williams' first attempt at collateral relief—a 1964 habeas corpus petition—was denied without a hearing. This denial was affirmed by the Superior Court without opinion and we denied allocatur. Appellant next petitioned for a writ of habeas corpus in federal district court and this petition denied for failure to exhaust state remedies.

The subject of this appeal is Williams' second attempt to obtain state collateral relief—a Post Conviction Hearing Act petition filed in February of 1967. The post-conviction trial court denied this petition based on its belief that, since the matters asserted in the first petition were identical to those asserted in the second, appellant was not entitled to a hearing. The Superior Court affirmed without opinion and we granted allocatur.

The Commonwealth admits in its brief that Williams' allegations in both petitions,* if proven, would entitle him to relief. Recognizing that under §9 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-9 (Supp. 1966), appellant was entitled to a hearing on his allegations, the Commonwealth joins in appellant's request for a remand to conduct such a hearing. Accordingly, we reverse the Superior Court, vacate the order of the trial court and remand the record for an evidentiary hearing.

The order of the Superior Court is reversed. The order of the Court of Quarter Sessions of Philadelphia County is vacated and the record remanded to that

---

* Williams alleges that the following constitutional deprivations occurred during his various trials and/or guilty pleas: (1) denial of the effective assistance of counsel; (2) denial of his right to appeal and the assistance of counsel therefor; and (3) admission into evidence of a coerced confession.

court with instructions to conduct an evidentiary hearing at which Williams' eligibility for collateral relief may be determined.

Mr. Justice COHEN took no part in the consideration or decision of this case.