Commonwealth *v.* Gates, Appellant.

Submitted March 11, 1968.   Before BELL, C. J.,
MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

454

*G. S. Parnell,* and *Parnell & Parnell,* for appellant.

*W. Thomas Malcolm,* for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 16, 1968.

Following a trial before judge and jury at which appellant pleaded not guilty and relied upon the defense of alibi, the jury returned a verdict of guilty of murder in the first degree, fixing the penalty at life imprisonment. Appellant Gates' subsequent appeal to this Court resulted in an affirmance of his conviction. *Commonwealth v. Gates,* 392 Pa. 557, 141 A. 2d 219 (1958). He now appears before us a second time, allegedly aggrieved at the dismissal of his Post Conviction Hearing Act petition without hearing by the court below. Although Gates' list of alleged trial and pretrial errors is impressive for its length, we agree with the court below that none of his allegations require the grant of an evidentiary hearing.

Gates presses nine reasons for granting relief. These are: (1) that he was detained 50 days before being given a preliminary hearing; (2) that no warrant was secured for his arrest until he had been in custody for 24 hours; (3) that he was not present at the coroner's inquest; (4) that he was not permitted to consult a lawyer or his family when arrested; (5) that he was given no constitutional warnings before interrogation began; (6) that perjured testimony was employed during his trial; (7) that he was unduly restricted in the right to cross-examine certain Commonwealth witnesses on their credibility; (8) that the verdict was against the weight of the evidence; and (9) that he was not asked if he had anything to say before sen-

tence was pronounced. We shall treat these contentions seriatim.

Appellant's attack upon the delay in holding a preliminary hearing is coupled with *no* alleged facts to demonstrate that this delay was in any manner prejudicial. Nor is there any challenge here made to the *manner* in which this hearing was conducted when finally held. See *White v. Maryland*, 373 U.S. 59, 83 S. Ct. 1050 (1963). Reduced to its essence, this allegation is really a claim that appellant was denied the right to a speedy trial. However, it is well established that such an alleged defect will not form the basis for collateral relief, especially if not objected to at trial. *Commonwealth ex rel. Wilkes v. Maroney*, 423 Pa. 113, 222 A. 2d 856 (1966); *Commonwealth ex rel. Romano v. Banmiller*, 397 Pa. 606, 156 A. 2d 825, affirming an opinion of the court below at 19 Pa. D. & C. 2d 198 (C.P. 1959). The proper procedure for objecting to the speed of trial is a motion to quash the indictment. *Commonwealth ex rel. Sukaly v. Maroney*, 201 Pa. Superior Ct. 117, 191 A. 2d 893 (1963), affirming an opinion of the court below at 30 Pa. D. & C. 2d 86 (1962).

Similarly, with respect to the delay in securing a warrant, Gates has again failed to allege a single fact tending to show that he was thereby prejudiced, nor has counsel even attempted to explain why no objection was ever voiced at trial to this procedure. Accordingly, we hold that Gates has waived his right to challenge this alleged error collaterally. Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4 (Supp. 1967).[1]

---

[1] With respect to appellant's allegations (1) and (2), we wish to make clear that we are not denying relief for want of particularity in Gates' petition, for to do so would be in clear violation of §7 of the Post Conviction Hearing Act. That section recites: "No petition may be dismissed for want of particularity unless the

Appellant next contends that he was ·denied the right to be present at the coroner's inquest. Even if true, however, this would not entitle him to relief, it having been recently held by this Court that, such procedure is not error. *Commonwealth ex rel. Linde v. Maroney*, 416 Pa. 331, 206 A. 2d 288 (1965) ; cf. *Commonwealth ex rel. Czako v. Maroney*, 412 Pa. 448, 194 A. 2d 867 (1963).

Alleged errors (4) and (5), that Gates was not permitted to consult an attorney or his family, and that he was never warned of his constitutional rights before being interrogated, require little discussion to resolve adversely. to appellant. Suffice it to say that once more Gates has failed to state·in what manner these errors prejudiced him. Indeed, apparently no confession was wrung from appellant, for none was introduced at trial; and Gates' defense was one of alibi. Moreover, these two claims are alleged violations of *Escobedo* and *Miranda* respectively. Unfortunately for appellant, his trial pre-dated both of these historic decisions.

---

petitioner is first given an opportunity to clarify his petition." However, as this Court views the mandate it applies only in those situations where petitioner alleges a legal conclusion sufficient to entitle him to relief, but fails to allege any facts to support such conclusion. See *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967). We there held that a petition alleging a guilty plea had been unlawfully induced could not be dismissed sans hearing unless petitioner was first given the opportunity to clarify his petition by alleging facts to support his guilty plea claim. But §7 does not apply where, as in the present case, appellant has failed to allege even a valid legal theory for release. Assuming the *truth* of his allegations concerning the warrant and the preliminary hearing, these claims cannot, in our view, form the basis for collateral relief once the appellant, represented by counsel, goes to trial without ever complaining of these infirmities in his pretrial proceedings. Section 7 was never intended to provide the. means whereby a petitioner could throw darts at the constitution until he struck the proper legal bulls-eye.

Appellant's next three contentions are governed in their resolution by §4 of the Post Conviction Hearing Act which recites that an issue is deemed finally litigated if the Supreme Court has ruled on its merits and there have been no retroactive changes in the applicable law. When appellant last came before us on direct appeal, he alleged that perjured testimony was used at trial, that the judge erroneously denied him the right to cross-examine certain Commonwealth witnesses, and that the verdict was against the weight of the evidence. On all three grounds, his appeal was unsuccessful. *Commonwealth v. Gates,* 392 Pa. 557, 141 A. 2d 219 (1958). These issues having been once faced by our Court, they no longer can form the basis for collateral relief.[2]

Finally, it is contended that Gates was given no opportunity to speak before sentence was pronounced. Although at common law the failure to permit an accused to have his last words before receiving sentence seems to have required a re-sentencing, *Commonwealth v. Preston,* 188 Pa. 429, 41 Atl. 534 (1898), it has since been made clear that this rule applies *only* when a death sentence is received, and in any event does not act to vitiate the conviction itself. *Commonwealth ex rel. Ashmon v. Banmiller,* 391 Pa. 141, 137 A. 2d 236, cert. denied, 356 U.S. 945, 78 S. Ct. 792 (1958); *Commonwealth ex rel. Brogan v. Banmiller,* 184 Pa. Superior Ct. 552, 136 A. 2d 141 (1957). Accordingly, appellant has again failed to allege facts which, if true, would entitle him to relief.

---

[2] Appellant's post-conviction petition and appellate brief allege that new evidence of perjury has been discovered. However, this evidence, two affidavits of men who claim that a Commonwealth witness told them a story inconsistent with that told at trial, was also available to this Court on direct appeal, 392 Pa. at 564, 141 A. 2d at 222. These affidavits have thus been already considered, and held insufficient to support Gates' perjury claim.

For all the foregoing reasons, we believe that appellant's petition was properly dismissed without an evidentiary hearing.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.