## Commonwealth *v.* Daugherty, Appellant.

Submitted September 30, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph Paul Daugherty,* appellant, in propria persona.

*Herman J. Bigi,* Assistant District Attorney, and *Jess D. Costa,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 12, 1968:

Petitioner, Joseph Paul Daugherty, appeals from the Order of the Court of Quarter Sessions of Washington County, dismissing a Post-Conviction Hearing petition.

Daugherty was arrested during October 1942 for a murder resulting from an armed robbery which took place on October 12, *1942,* in a Washington County tavern. Although two co-defendants pleaded guilty, defendant denied his guilt and after a three-day trial in which he was represented by counsel, he was found guilty of murder in the first degree and sentenced to life imprisonment. No direct appeal was taken.

In November *1965,* Daugherty filed a habeas corpus petition alleging, inter alia: that counsel was denied him at the preliminary hearing; that admissions and confessions were obtained without counsel; and that there was a conflict of interest because the same attorneys represented Daugherty as well as the co-defendants. On March 4, 1966, a hearing was held before Judge SWEET on the habeas corpus petition, at which time Daugherty was represented by counsel. On March 24, 1966, the petition was dismissed and petitioner did not appeal this decision.

On *June 5, 1967,* petitioner again sought post-conviction relief, raising the same issues that were dis-

posed of in his first habeas corpus petition. Daugherty now alleges that his attorneys refused to visit him in prison after his conviction in 1942 in order to discuss with him the question of a direct appeal. Judge SWEET appointed the attorney who represented Daugherty at the 1966 hearing to investigate this charge. Upon receipt of the attorney's written report, the Court denied post-conviction relief.

The Order of the lower Court dismissing Daugherty's petition must be affirmed. During the hearing held pursuant to the first habeas corpus petition, Daugherty was asked by the Court whether he had any other "complaints to make" about his original trial. Petitioner stated that he did not. Section 1180-4(b)(1) and (2) of the Post-Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. 1180, controls this appeal. ". . . for the purpose of this act, *an issue is waived if*:* (1) the petitioner knowingly and understandingly failed to raise it and it could have been raised . . . in a habeas corpus proceeding . . . and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." Daugherty in his present petition does not state or even indicate why he did not previously claim that his attorneys refused to aid him or discuss with him his right to appeal his conviction of murder. We find no merit in his present petition. *Commonwealth v. Satchell*, 430 Pa. 443, 243 A. 2d 381; *Commonwealth v. Cheeks*, 429 Pa. 89, 239 A. 2d 793; *Commonwealth v. Gates*, 429 Pa. 453, 240 A. 2d 815.

Order affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

* Italics, ours.