## Commonwealth v. Kravitz, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*F. Lee Bailey* and *Gerald Alch* of the Massachusetts Bar, and *F. Emmett Fitzpatrick, Jr.*, for appellant.

*William T. Nicholas*, Executive Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 20, 1970:

Appellant, Ethel Kravitz, was tried by a Judge and jury for the killing of her husband and, on December 12, 1958, was found guilty of murder in the second degree. Mrs. Kravitz, through her able attorneys, filed a motion in arrest of judgment and a motion for a new trial, assigning the customary reasons. Several months later, she filed twenty-one additional reasons to support her motion in arrest of judgment and forty-five additional reasons for a new trial. These post-trial motions were denied, and on appeal this Court affirmed, *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A. 2d 861; and the United States Supreme Court denied certiorari, 365 U.S. 846. Appellant's subsequent claim to her husband's estate was denied by the Montgomery County Orphans' Court on the authority of the Slayer's Act,* 14 Fid. Rep. 393, and we affirmed. *Kravitz Estate*, 418 Pa. 319, 211 A. 2d 443.

On August 25, 1965, Ethel Kravitz filed in the United States District Court for the Middle District

---

* Act of August 5, 1941, P. L. 816, 20 P.S. §3442.

of Pennsylvania a petition for a writ of habeas corpus, which was denied by that Court. The United States Court of Appeals for the Third Circuit affirmed that denial. *In Re Kravitz*, 358 F. 2d 734.

In 1968, appellant, now on parole after having been incarcerated for almost eight years, filed through her counsel a petition under the Post Conviction Hearing Act,* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1, et seq., alleging as the only ground for relief that certain damaging inculpatory statements, which she had made to the police and had been admitted at her trial, were involuntary. Approximately two months after Ethel Kravitz had filed her above-mentioned P.C.H.A. petition, she filed (through her attorney), a supplement thereto, alleging two additional grounds for relief: (1) references by the District Attorney and by the trial Judge to appellant's alleged failure to take a blood test, and (2) denial of effective assistance of counsel.

The Commonwealth thereupon filed a motion for dismissal of appellant's P.C.H.A. petition, on the grounds that the contentions set forth therein had either been "waived" or "finally litigated" under Section 4 of the Post Conviction Hearing Act. After oral argument, the lower Court granted the Commonwealth's motion to dismiss, and from that adverse Order, appellant took this appeal.

We will discuss appellant's three contentions in the order in which they were presented.

The Post Conviction Hearing Act provides, in pertinent part: "Section 3. *Eligibility for relief.* To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under section 5 and must prove the following: . . . (d) That the error re-

---

* A petition filed pursuant to this Act is referred to as a P.C.H.A. petition.

sulting in his conviction and sentence has not been finally litigated or waived. 1966, Jan. 25, P. L. (1965) 1580, §3, effective March 1, 1966.

"Section 4. *When an issue is finally litigated or waived* (a) For the purpose of this act, *an issue is finally litigated\** if (1) It has been raised in the trial court, the trial court has ruled on the merits of the issue, and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling; or . . . (3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue. (b) For the purposes of this act, *an issue is waived* if: (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. (c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. 1966, Jan. 25, P. L. (1965) 1580, §4, effective March 1, 1966."

Appellant's first contention is that an evidentiary hearing is necessary in order to determine whether she knowingly and understandingly waived her right to object at her trial to the evidentiary use of certain allegedly involuntary statements.

In *Commonwealth v. Johnson*, 431 Pa. 522, 246 A. 2d 345, this Court pertinently said (pages 532-533): ". . . a petition under the Post Conviction Hearing Act must not be dismissed without an evidentiary hearing if it alleges facts which, if true, would entitle petitioner to relief. Section 9 of the Post Conviction Hearing Act specifically requires a hearing under such circum-

---

\* Italics throughout ours, unless otherwise noted.

stances, and this Court has held that section 9 merely codifies prior habeas corpus law. Commonwealth ex rel. Harbold v. Rundle, 427 Pa. 117, 223 A. 2d 261 (1967). [Footnote omitted.]

"However, even though appellant did allege facts which if proven would have entitled him to relief, the court below could still have denied Johnson an evidentiary hearing if it found that the right to litigate the issues raised in the petition had been waived under section 4 of the Post Conviction Hearing Act. Commonwealth v. Snyder, 427 Pa. 83, 233 A. 2d 530 (1967)." The same rule applies when an issue has been "finally litigated" under that section. *Commonwealth v. Cheeks,* 429 Pa. 89, 239 A. 2d 793.

The Pennsylvania doctrine of waiver is identical with that established for the Federal Courts by *Faye v. Noia,* 372 U. S. 391. In order for a waiver to be effectuated, the prisoner's nonaction must be a deliberate and understanding bypass of the available State procedures. See, *Commonwealth v. Stevens,* 429 Pa. 593, 598, 240 A. 2d 536. The Commonwealth argues that Mrs. Kravitz's direct appeal to this Court constituted an available State procedure, and that her failure to raise in that appeal the issue of the voluntariness of her inculpatory statements constituted a waiver of her present claim. We agree.

Mrs. Kravitz's petition alleges that the police inflicted on her various personal indignities and physical violence, accompanied by threats, and deprived her of food and drink, and that these caused and compelled or induced her aforesaid statements. She admits that she did not disclose this information to her trial counsel, allegedly because of the compulsion and duress exerted upon her by her brother-in-law, Morris Passon, an attorney. Passon was never counsel for Mrs. Kravitz; in fact, he testified against her at her murder trial. However, Mrs. Kravitz argues that Passon's influence

over her rendered her previous failure to raise these issues unintentional and involuntary. She has waited ten years to make these allegations or assertions. Both the prosecutor and the trial Judge are now dead. Through these years she has utilized the services of several experienced attorneys in unsuccessfully challenging her conviction. Only now does she come forward with this new and factually unsupportable allegation.

Any testimony that appellant could or would seek to submit at this hearing would be limited to the above-mentioned averments in her prior appeal to this Court. Our examination of the record does not disclose any facts which could possibly overcome the presumption that her failure to raise this issue previously at her trial or on appeal to this Court was knowing and understanding. Moreover, the circumstances alleged fall far short of the exceptional and extraordinary circumstances which would justify and excuse her failure to raise this issue in the earlier proceedings. Cf. *Commonwealth v. Snyder*, 427 Pa. 83, 233 A. 2d 530.

Mrs. Kravitz's second contention is that there has not been a "final litigation" of her claim, to wit, that references by the District Attorney in his opening statement pertaining to her refusal to submit to a blood test—when no evidence thereof was subsequently introduced—was such harmful error as to entitle her to a new trial. This exact issue was previously raised before this Court in Mrs. Kravitz's direct appeal. In that case we pertinently said (page 221) : "[T]he trial Judge in his charge wisely and clearly explained to the jury that the District Attorney's opening remarks should be ignored, and this charge rendered harmless the District Attorney's remarks which were made in good faith. Cf. Com. v. Neill, 362 Pa. 507, 517, 67 A. 2d 270." *Commonwealth v. Kravitz*, 400 Pa., supra, page 221.

Mrs. Kravitz concedes, as she must, that this is the same issue she had previously raised before this Court on her direct appeal. However, she now contends: (1) that it was not "finally litigated" within the meaning of the Post Conviction Hearing Act because of Section 1180-3(c) (12), which provides for relief on a showing of "the abridgement in any . . . way of any right guaranteed by the constitution . . . of the United States, including a right that was not recognized as existing at the time of the trial *if the constitution requires retrospective application of that right*" (accord: *Commonwealth v. Stevens,* 429 Pa., supra, pages 593, 599, which established the doctrine "that failure to assert a now retroactively applicable constitutional infirmity not available to the prisoner as a basis for collateral attack at the time his prior attempts were filed does not operate as a waiver") ; and (2) (a) that the United States Supreme Court held, in *Chapman v. California,* 386 U. S. 18, 24 (1967), that a Federal constitutional error can be held harmless only if the Court is able to declare a belief that the error was harmless beyond a reasonable doubt, and (b) that the error of which she complains is of a constitutional magnitude, and, since she did not have the benefit of *Chapman* on her prior appeal to this Court, the issue was not "finally litigated" within the meaning of the statute, or of the Constitution or of the cases interpreting it.

Mrs. Kravitz's arguments must fail. The District Attorney's opening statements concerning appellant's refusal to submit to a blood test, and the subsequent instructions by the trial Judge to the jury to disregard the aforementioned statements and not draw any adverse inference therefrom, even if they did constitute error, were harmless error.

Mrs. Kravitz's final contention is that she was denied the effective assistance of counsel. However, she

does not and could not possibly successfully claim that her counsel was incompetent, nor that he did not fully utilize all his legal knowledge and ability while representing her. This Court expressly recognized the skill and ability of Mrs. Kravitz's lawyers on her direct appeal. We said (pages 223-24) : "In this Court defendant's case was ably argued—every fact or circumstance which might indicate Mrs. Kravitz's innocence, and every actual or imaginable weakness or omission in the Commonwealth's case was skillfully pointed out; and every legal point which had any possible or conceivable merit was persuasively presented to convince this Court that Mrs. Kravitz was innocent, or that in any event she should be granted a new trial." *Commonwealth v. Kravitz*, 400 Pa., supra.

Mrs. Kravitz in reality asserts that she withheld facts (which she alleged in her P.C.H.A. petition) from her trial attorneys because of compulsion and duress exerted upon her by Passon, and that without knowledge of these facts her attorneys could not effectively represent her. The lower Court held that Ethel Kravitz had waived her right to raise this issue under Section 4 of the Post Conviction Hearing Act. We agree.

Moreover, her failure to tell these alleged facts to her attorneys cannot possibly prove that her attorneys were incompetent or ineffectively represented her. Mrs. Kravitz at her trial, on her appeal to this Court, and for almost ten years thereafter, made no mention to anyone that Passon so dominated her will and reason that she was prevented from presenting evidence that Passon had scared her into making her confession, and had in fact committed the murder for which she was accused and convicted. If appellant did in fact possess proof that Passon had killed her husband, the only natural course for her to have pursued would have been to expose him at her trial, or in any event in one of

her subsequent legal proceedings or appeals, and thereby absolve herself from the crime of murder and from any guilty verdict whatsoever.

All of appellant's contentions have been either "waived" or "finally litigated" under Section 4 of the Post Conviction Hearing Act, and we find no merit in any of her contentions.

Order affirmed.

Mr. Justice COHEN concurs in the result.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The majority today holds, *inter alia*, that appellant is not entitled to an evidentiary hearing on her allegations that certain "extraordinary circumstances" excuse her prior failure to challenge the admission into evidence of her allegedly coerced incriminating statements. Because this conclusion disregards the clear import of Section 4(b)(2) of the Post Conviction Hearing Act,[1] I must dissent from that portion of its decision.

Appellant's petition alleges in considerable detail that her incriminating statements were coerced by threats, various personal indignities and physical violence inflicted upon her by the police. Although the majority does not deny that the proof of these allegations would compel the conclusion that the statements were unconstitutionally obtained, it holds that her failure to object to their admission at trial and to raise the issue of their involuntariness in her previous direct appeal to this Court constitutes a "waiver" under Section 4 of the Post Conviction Hearing Act.

Section 4(b)(2) of the Act, however, provides expressly that there can be no waiver unless "petitioner is unable to prove the existence of extraordinary cir-

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4 (b)(2).

cumstances to justify his failure to raise the issue." This "unable to prove . . ." component of the statutory definition of "waiver" necessarily implies that a petitioner be afforded an adequate opportunity to prove extraordinary circumstances.

In the instant case appellant duly alleged extraordinary circumstances.[2] Specifically, she claims that she did not disclose the police coercion to her trial counsel because of a compulsion and duress exerted upon her by her brother-in-law, Morris Passon. The majority nevertheless deems an evidentiary hearing unnecessary, by finding her allegations concerning Morris Passon "factually unsupportable" and by concluding, alternatively, that those allegations, even if proven, would fall short of demonstrating "extraordinary circumstances" with the meaning of Section 4 of the Post Conviction Hearing Act. I cannot agree with either reason.

In holding appellant's allegations to be factually unsupportable as a matter of law, the majority notes that appellant waited ten years to advance them, that she was represented by several able attorneys during this period, and that both the prosecutor and trial judge are now dead.[3] I agree that appellant's present claims are quite unusual and that the staleness of their assertion may reflect negatively upon their credibilty.

---

[2] And if proof of the alleged facts would entitle a petitioner to relief, an evidentiary hearing is required. See, e.g., *Commonwealth v. Walters*, 431 Pa. 74, 76 n. 1, 244 A. 2d 757, 759 n. 1 (1968); *Commonwealth v. Williams*, 428 Pa. 402, 239 A. 2d 311 (1968).

[3] The majority opinion also notes that the denial of appellant's federal petition for a writ of habeas corpus was affirmed by the Court of Appeals for the Third Circuit. *In re Kravitz*, 358 F. 2d 734 (3d Cir. 1966). That decision has no bearing on the present appeal. The Third Circuit affirmed the denial of the habeas petition on the *sole* ground that appellant had failed to exhaust her state remedies.

However, I do not think it possible to conclude a priori that she could not, if given the chance, possibly convince the trier of fact of their truthfulness. That an allegation is bizarre is not sufficient reason to withhold the opportunity for its proof. Nor can I perceive any legal significance in the fact that the prosecutor and trial judge are now deceased. Their deaths do not make appellant's allegations less credible, and I know of no statutory or common law "dead man's rule" to the effect that one may be barred from collateral relief if witnesses possibly valuable to the Commonwealth's case are dead or otherwise unavailable.

Equally unacceptable is the majority's alternative determination that appellant's allegations even if proved would not constitute extraordinary circumstances excusing waiver. I fail to see how the majority can claim to anticipate the exact nature, extent and quality of proof which appellant would be able to muster if she were given an evidentiary hearing. If, for example, it were demonstrated that appellant's will at the time of her trial was overborne by the influence of Passon and that Passon desired that appellant not raise the facts concerning the alleged involuntariness of her statements to the police, such would seem ample excuse for her prior failure to raise the issue of involuntariness.

I offer no assumption as to the probable truthfulness of appellant's belated claims, and I can certainly sympathize with the majority's scepticism regarding them. Nevertheless, under Section 4 of the Post Conviction Hearing Act, appellant deserves the chance to attempt to prove them.