Commonwealth *v.* Maisonet, Appellant.

Submitted May 24, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Gerald E. Ruth,* Public Defender, for appellant.

*Gary M. Gilbert,* Assistant District Attorney, and *Harold N. Fitzkee, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 15, 1971:
On January 4, 1965, appellant, Jose Paneto Maisonet, while represented by counsel, entered a guilty plea to murder generally. Subsequently appellant was

adjudged guilty of murder in the second degree and sentenced to from 10 to 20 years' imprisonment.

Since that time, appellant has filed three applications for writs of habeas corpus, or relief under the Post Conviction Hearing Act.* The third of these applications was a PCHA petition on September 3, 1966,** in which counsel was appointed to represent appellant. After a hearing on that petition, relief was denied, and on appeal to our Court, we affirmed. *Commonwealth v. Maisonet*, 426 Pa. 602, 230 A. 2d 733.

Appellant filed a fourth application in the form of a PCHA petition, alleging that he was not advised of his right to file post-trial motions nor his right to appeal. The lower Court found that under Section 4 of the Post Conviction Hearing Act, this issue had been waived, and therefore denied relief. This appeal was then taken.

The sole question before our Court is whether the lower Court properly held that under Section 4 of the Post Conviction Hearing Act appellant had waived his right to raise these issues.

The Post Conviction Hearing Act, Section 4, provides in pertinent part:

"(b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970).

** Although it is clear that the third application was under the Post Conviction Hearing Act, there was some confusion by the lower Court as to the nature of the two prior applications.

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. 1966, Jan. 25, P. L. (1965) 1580, §4, effective March 1, 1966."

.Since appellant had had prior counseled PCHA hearings in which the issues were not raised and no extraordinary circumstances are set forth which would justify his failure to raise these issues, the lower Court properly held that the issues were waived under Section 4 of the Post Conviction Hearing Act. *Commonwealth v. Kravitz*, 441 Pa. 79, 269 A. 2d 912; *Commonwealth v. Black*, 433 Pa. 150, 249 A. 2d 561; *Commonwealth v. Daugherty*, 432 Pa. 126, 247 A. 2d 471; *Commonwealth v. Satchell*, 430 Pa. 443, 243 A. 2d 381.

Furthermore, since appellant was found guilty of second-degree murder, the denial of the right to appeal is nonprejudicial, since all the issues he could have raised on appeal could have been raised in collateral proceedings. *Commonwealth v. Dillinger*, 440 Pa. 336, 269 A. 2d 505; *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757.

Order affirmed.