419 A.2d 1258

**Morris PASSON, Appellant,**

**v.**

**Ralph S. SPRITZER and Harold Cramer, David L. Creskoff, Leon I. Mesirov, Paul L. Jaffe, Frank H. Gelman, Josef Jaffe, Edward Greer, Individually and trading as co—partners under the name of Mesirov, Gelman, Jaffe & Cramer, and any other members of the partnership of Mesirov, Gelman, Jaffe & Cramer and Ethel Kravitz and Gretchen Duncan.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1979.

Filed May 2, 1980.

Morris Passon, Philadelphia, for appellant.

Mark E. Kogan, Philadelphia, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

Presently before the Court is appellant, Morris Passon's appeal from the lower court's Order under date of September 12, 1978 sustaining appellee Ethel Kravitz's preliminary objections in the nature of a demurrer to appellant's amended complaint and dismissing same.

The lengthy amended complaint contains four (4) counts and forty–nine well drafted paragraphs alleging causes of action sounding in libel, conspiracy to libel, malicious use and abuse of process, and invasion of privacy; all arising out of a series of alleged libelous statements contained in a Petition for Writ of Habeas Corpus and in a brief in support thereof filed in the United States District Court for the Eastern District of Pennsylvania. This represents the latest effort by appellee to cast suspicion upon appellant and thereby create doubt as to the appellee's guilt for the murder of her (appellee's) husband which occurred in 1958 and for which she was convicted in 1960.[1]

1. *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A.2d 861.

The gravaman of appellee's demurrer is the defense of *absolute privilege* uttered in and relevant to a judicial proceeding. The lower court agreed and sustained appellee's demurrer.

Appellant argues contrariwise that the libels complained of in the instant case are not protected by the doctrine of absolute privilege because: (a) same was lost through abuse; (b) appellee is collaterally estopped from asserting it because of a prior judgment in a civil litigation between the parties has established the falsity of those accusations [2] and; (c) the doctrine does not apply because the uttered libels were not relevant and pertinent to the Habeas Corpus proceeding in which they appear.

We have carefully reviewed the lower court record and briefs and conclude that the doctrine of absolute privilege is applicable and, therefore, affirm the lower court's order dismissing appellant's amended complaint.

However, in order to put the instant segment of this expansive controversy in proper prospective, a short review of this soap opera–like saga is appropriate.

Max Kravitz, husband of appellee Ethel Kravitz, was murdered on July 4, 1958. Appellant Morris Passon is an attorney and the brother–in–law of the decedent and appellee. On the day of the murder appellee was arrested, and on December 12, 1958 she was convicted of murder in the second degree. Her appeal was rejected by the Pennsylvania Supreme Court (400 Pa. 198, 161 A.2d 861). In 1962, she filed a Bill in Equity in Montgomery County (No. 62–10008) against appellant and others which she subsequently discontinued.

In 1965, she filed a Petition for Writ of Habeas Corpus in the Middle District of the United States District Court (Habeas Corpus Docket # 635) which, following a hearing, was rejected. At no time during the above proceedings, did appellee allege that appellant had anything to do with the murder of Max Kravitz.

2. *Passon v. Bailey and Kravitz*, Montgomery County, No. 68–11110.

On June 17th and again on August 9, 1968, appellee through yet another attorney, F. Lee Bailey, filed PCHA hearing petitions.

In the August 9, 1968 petition, appellee accused appellant of the murder of Max Kravitz in addition to other felonies. The Pennsylvania Supreme Court sustained the lower court's rejection of both PCHA petitions (441 Pa. 79, 269 A.2d 912).

Shortly thereafter, appellant filed suit against appellee and F. Lee Bailey (Montgomery County, Pa. # 68–11110) contending that they conspired to falsely accuse appellant of the murder. Appellant subsequently obtained judgment against appellee for her refusal to appear for depositions. The case against Bailey is still pending.

In May of 1970, there appeared in Philadelphia Magazine, a full–length cover–featured 60,000 word article on the *Kravitz* case, which appellant believed to be highly prejudicial and libelous. He filed suit against the magazine and others (Montgomery County, Pa. No. 71–02871). During discovery, appellant discovered the existence of certain holographic documents and tape recordings which, as a result, led to Philadelphia Magazine's repudiation of appellees' published accusations, an apology to appellant and his family, the payment of a cash settlement, and the public acknowledgment of these actions in its May, 1973 issue.

On September 24, 1975, appellee caused to be filed the subject Petition for Writ of Habeas Corpus, along with a 23 page brief in support thereof, in the United States District Court for the Eastern District of Pennsylvania (No. 2693 of 1975). The Petition is verified by appellee; the brief is not.

Appellant contends that there exists a critical inconsistency within the Petition itself; at paragraph 11 where it is asked "state concisely the ground on which you base your allegation . . .", there is no mention of appellant's alleged complicity; while at paragraph 16 of the same petition, appellee alludes to "material facts regarding coercion by her brother–in–law" as a previously raised issue.

Employing that as a springboard, appellant contends that appellee thereafter "craftily, cunningly, and deceitfully . . . sought thereby to inject into (her) brief matters, that were not included in the issues in paragraph 11 of (her) petition for the aforesaid Writ."

As the lower court opined in sustaining appellee's demurrer and dismissing appellant's amended complaint:

The law is firmly established on the subject of statements made in the course of judicial proceedings. As stated by our Supreme Court in *Kemper v. Fort*, 219 Pa. 83, [85,] 93, 67 A. 991 (1907), "[A]ll charges, all allegations and averments contained in regular pleadings addressed to and filed in court of competent jurisdiction, which are pertinent and material to the redress of relief sought, whether legally sufficient to obtain it or not, are absolutely privileged. However false and malicious, they are not libelous."

The above statement is still firmly entrenched as the law of the Commonwealth. Moreover, we know of no Pennsylvania cases where the *absolute privilege* has been lost (sic) through abuse, or where one has been "collaterally estopped" from raising same as a result of prior litigation.

The Pennsylvania Supreme Court in *Binder v. Triangle Publications, Inc.*, 442 Pa. 319, 323, 275 A.2d 53, 56 (1971) reaffirms:

All communications pertinent to any stage of judicial proceedings are accorded an *absolute privilege* which cannot be destroyed by abuse . . . (emphasis added; citations omitted). Thus, statements by a party, a witness, counsel, or a judge cannot be the basis of a defamation action whether they occur in the pleadings or in open court.

The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences. This independence would be impaired were he to be in daily apprehension of defamation suits. The privilege is also extended to parties to afford freedom of access to the courts, to witnesses to

encourage their complete and unintimidated testimony in court, and to counsel to enable him to best represent his client's interests. Likewise, the privilege exists because the courts have other internal sanctions against or contempt proceedings. See generally, Prosser, Torts, § 109 (3d ed. 1964); Developments in the Law—Defamation, 69 Harv.L.Rev. 875 (1956).

Finally, we conclude that the alleged libels were *relevant* to the proceeding (Petition for Writ of Habeas Corpus) in which they were uttered (Brief in support of Petition for Writ of Habeas Corpus). *Greenberg v. Aetna,* 427 Pa. 511, 235 A.2d 576 (1967), *cert. denied,* 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968).

Order Affirmed.

SPAETH, J. concurs in the result.