502 A.2d 215

**COMMONWEALTH of Pennsylvania**

v.

**Todd M. STORM, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Dec. 13, 1985.

John P. Lawler, Stroudsburg, for appellant.

James F. Marsh, District Attorney, Stroudsburg, for Commonwealth, appellee.

Before BROSKY, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This appeal raises questions concerning sentencing of the defendant-appellant, Todd M. Storm, after negotiated pleas concerning a bank robbery in Mount Pocono, PA. The factual allegations in Count I of the Criminal Information No. 723–1984 allege that "The Defendant did enter First Eastern Bank, Mount Pocono, PA, with a gun and did demand money from a teller of said bank and did take unlawful control over approximately $4,808.00, belonging to said bank, in violation of Section 3701(a)(1)(ii, iii, v) of the Crimes Code." On December 31, 1984, the appellant was sentenced to a period of five to ten years of incarceration. The appellant, by his counsel filed a timely Petition for Reconsideration on January 7, 1985. The trial court denied the petition without a hearing. This appeal followed.

Appellant raises two questions on appeal:

1. Did the trial court err in failing to permit the appellant or appellant's counsel to advised the court, prior to imposing sentence, that the appellant had co-operated with the prosecution of other individuals?

2. Was the sentence imposed by the trial court excessive and an abuse of discretion in that a sentence under 42 Pa.C.S.A. 9712, et seq., requires notice to defendant of the Commonwealth to proceed under this Section?

The Commonwealth concedes in its brief that the appellant and his counsel were not afforded an opportunity to submit information to the court and make argument prior to the imposition of sentence and that the sentence should be vacated for appropriate disposition. *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1982). The Commonwealth further concedes that the court below did not permit either the Commonwealth or the appellant to present argument at the sentencing hearing in accordance

with 42 Pa.C.S.A. Section 9712(b) and to thereby apprise the court properly of the respective positions of the appellant and the Commonwealth concerning the application of 42 Pa.C.S.A. § 9712 and its required minimum sentence of five years.

The appellant contends, therefore, that his sentence should be remanded to the court below for sentencing that is consistent with The Sentencing Code, 42 Pa.C.S.A. § 9701, et seq. and that he be given notice that the Commonwealth intends to proceed under 42 Pa.C.S.A. § 9712. He further argues that he must be given an opportunity to present any additional evidence to determine whether this section is applicable. See *Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980) that which held the Rules of Criminal Procedures provide: "At the time of sentencing, the Judge shall (a) afford the defendant the opportunity to make a statement in his own behalf ... relative to sentencing." See also, *Commonwealth v. Gates*, 429 Pa. 453, 457, 240 A.2d 815, 818 (1968).

This appeal is remanded to the court below so that a new sentence can be rendered in accordance with the procedural requirements set forth in the Sentencing Code and in accordance with the requirements of 42 Pa.C.S.A. § 9712(b).

Jurisdiction is relinquished.