## UNITED STATES v. BOGISH.
### No. 10973.

United States Court of Appeals Third Circuit.

Argued May 19, 1953.

Decided June 4, 1953.

Louis A. Aleli, Philadelphia, Pa., for appellant.

Morton M. Fine, Philadelphia, Pa. (Joseph G. Hildenberger, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

508

## PER CURIAM:

This is an appeal by the defendant from his conviction upon three counts of an indictment charging him with receiving and concealing 5½ grains of heroin which had been unlawfully imported, and with selling the heroin not in pursuance of a written order on a lawfully issued blank form and not from the original stamped package, all in violation of the federal narcotic laws. The appellant asserts that the evidence was not sufficient to sustain his conviction and that in any event trial errors call for a new trial. Our examination of the record does not support these contentions.

It is true that there was no direct evidence of the appellant's delivery of the heroin in question to the government informer. The jury was justified, however, in finding that the heroin which was turned over by the informer to the government agent had been delivered to him by the appellant in view of the evidence of contact between them immediately prior thereto coupled with the evidence that the appellant had previously undertaken to supply the informer with the heroin and that the latter had paid him the price which he had asked for the drug. In the light of this evidence the failure of the government to prove that the informer had no heroin in his possession before his contact with the appellant, while a factor for the jury's consideration in appraising the evidence, was not fatal to the government's case.

The hearsay testimony which the agent Pocoroba volunteered was incriminating and should not have been given. It was, however, stricken out by the trial judge upon the appellant's objection. No motion for a mistrial was made upon the basis of this testimony nor was the trial judge requested to give further instructions with respect to it. Under these circumstances it cannot be made the basis on appeal for convicting the trial judge of error. The charge of the trial judge to the jury was clear, complete and eminently fair. The appellant's objections to it are wholly without merit.

The judgment of the district court will be affirmed.