**UNITED STATES ex rel. BOGISH**

**v.**

**TEES.**

**No. 11209.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 18, 1954.

Decided March 9, 1954.

Alex Bogish, pro se.

W. Wilson White, U. S. Atty., D. Donald Jamieson, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before MARIS, KALODNER and STALEY, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the relator from the denial by the United States District Court for the Eastern District of Pennsylvania of his petition for a writ of habeas corpus. The relator had been convicted in the same district court on an indictment charging him with violating the federal narcotic laws and had been sentenced to 60 days imprisonment on each of the three counts of the indictment, to be served concurrently. On appeal his conviction was affirmed by this court. United States v. Bogish, 3 Cir., 1953, 204 F.2d 507.

It appears that the relator had previously been convicted of a crime in a Pennsylvania state court. At the time of his conviction in the United States District Court he was on parole from the state penitentiary. Following his discharge from his federal imprisonment he was recommitted to the state penitentiary as a parole violator by the Pennsylvania Board of Parole and he is now serving the remainder of his original state sentence. The relator now seeks release from the state penitentiary by habeas corpus on the ground that his conviction in the United States District Court was in violation of his constitutional rights and that accordingly the revocation of his parole by the Pennsylvania Board of Parole because of that conviction was invalid. He does not attack the validity of his state conviction or sentence.

 It is clear that the relator's petition for the issuance of a writ of habeas corpus was properly denied. The relator seeks to be released from state custody but has failed to show that he has exhausted his state remedies or that such remedies are unavailable or ineffective, which under section 2254 of Title 28, United States Code, is a condition precedent to the issuance of the writ by a federal court in such a situation. For while it has been held that habeas corpus is not available in Pennsylvania to review the actions of the Board of Parole,[1] it does appear that arbitrary or unlawful action on the part of the Board is reviewable by the Pennsylvania courts

---

1. Commonwealth ex rel. Biglow v. Ashe, 1944, 348 Pa. 409, 35 A.2d 340; Commonwealth ex rel. Hornberger v. Burke, 1952, 53 Lanc.Law Rev.,Pa., 141.

in a mandamus proceeding.[2] Moreover the Pennsylvania parole law[3] confers upon the Board a wide discretion as to the recommittal or continuance on parole of a parolee regardless of whether he has been convicted during his parole of another crime or has been guilty of a "technical" parole violation only. It is, therefore, not inconceivable that the Board might reparole the relator or revoke his recommittal if he made a convincing showing that his federal conviction was invalid by reason of a constitutional infirmity and that the interests of society would best be served by his restoration to parole. This may be possible even though the Board could not be compelled to make a declaratory ruling that the conviction was invalid.[4] On the other hand it may be that the action of the Board in recommitting the relator was not based solely on his federal conviction. It might have been based also on conduct on his part which would have made his recommittal appropriate regardless of his federal conviction. This we cannot know since the relator has made no application for relief either to the Pennsylvania Board of Parole or to the courts of that state. His application to the district court for habeas corpus is, therefore, barred by section 2254.

Furthermore we see no basis for supposing that in any event the relator could secure the relief he desires through a writ of habeas corpus directed to his state custodian. For in such a habeas corpus proceeding he would have to establish that his detention under his state sentence is unlawful since it is under that sentence that he is held in custody having been recommitted to serve it out by the Board of Parole. But the state sentence is not challenged and the action of the Board in recommitting the relator on the basis of his federal conviction, assuming that was the sole basis for its action, could hardly be stamped as invalid unless it could be said that the Board was wrong in giving such faith and credit to the final and unimpeached judgment of the federal district court in the relator's case. It would be extravagant to think that any court would so hold.

Parole in Pennsylvania has been held to be purely a matter of grace and not of right. "It does not obliterate the crime or forgive the offender. It is not an act of clemency, but a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls. It does not set aside or affect the sentence; the convict remains in the legal custody of the state and under the control of its agents, subject at any time, for breach of condition, to be returned to the penal institution." Commonwealth ex rel. Banks v. Cain, 1942, 345 Pa. 581, 585, 28 A.2d 897, 899, 143 A.L.R. 1473. In view of the nature of parole and the broad discretion which, as we have seen, is vested in the Pennsylvania Board of Parole in its administration we think it probable that the most to which the relator would be entitled would be reconsideration by the Board of his recommittal as a parole violator if and when he is able to establish that his federal narcotic law conviction is void.

The dilemma with which the relator is faced is thus apparent. He must establish the invalidity of his federal conviction before he can ask the Pennsylvania Board of Parole to revoke its action in recommitting him because of that conviction. And he cannot establish the invalidity of that conviction in a habeas corpus suit directed against his state custodian. Nor can he do so in a statutory proceeding under section 2255 of title 28, United States Code. For the remedy given by that section is available only to a prisoner who is actually in custody under the sentence which he seeks

---

2. Commonwealth ex rel. Atkins v. Pennsylvania Board of Parole, 1952, 63 Dauphin County Rep.,Pa., 239.

3. 61 P.S.,Pa., §§ 331.21, 331.21a.

4. See Ex parte Hull, 1941, 312 U.S. 546, 550, 61 S.Ct. 640, 85 L.Ed. 1034; and compare People v. McCullough, 1949, 300 N.Y. 107, 89 N.E.2d 335.

to set aside.[5] Here the relator has served in full the sentence imposed by the district court and is now, as we have seen, a prisoner in the custody of a state penitentiary warden under the sentence of a state court.

■ There is, however, a procedure by which one in the position of the relator can obtain a determination of the constitutional validity of a criminal judgment against him which has been fully executed but the effects of which persist to his detriment. This may be accomplished by a motion in the nature of a writ of error coram nobis. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247. In the Morgan case the Supreme Court suggested that in behalf of unfortunate prisoners without friends or funds a court should act in doing justice, if the record makes plain a right to relief, without regard to legalistic requirements of pleading, citing Darr v. Burford, 1950, 339 U.S. 200, 203–204, 70 S.Ct. 587, 94 L.Ed. 761.

■ We conclude that the interests of justice require us to approach the present case in this way. While it is true that the United States is not technically the respondent in this case as it should be on a motion in the nature of a writ of coram nobis it has nonetheless appeared in the person of the United States Attorney who has filed a brief in support of the validity of the judgment of the district court which is under attack by the relator. We, therefore, think it proper to consider the relator's petition, which as we have seen is not sufficient for the issuance of a writ of habeas corpus, as though it were a motion in the nature of a writ of error coram nobis seeking to set aside the relator's conviction in the district court. So considered it still appears that the district court did not err in denying relief to the relator. For there is nothing averred in his petition which would amount to a violation of his constitutional rights.

■ The relator complains that he was denied a preliminary hearing before a United States Commissioner. But when he was indicted in the district court he was a prisoner in a Pennsylvania state jail. He had not previously been arrested on the federal charge. It is settled that an accused may be indicted without prior arrest or commitment by a commissioner.[6] If this is done there is no right to or occasion for a preliminary hearing before a commissioner.[7] The relator's contention that he was denied a hearing before a commissioner is, therefore, wholly without merit. The relator's other contentions amount solely to an attack upon the competency of the evidence upon which he was convicted. These contentions were fully considered on the relator's appeal from his conviction and were decided against him by this court. They involve no questions so fundamental that they may be raised on a motion in the nature of a writ of coram nobis.[8]

The order of the district court will be affirmed.

5. Lopez v. United States, 9 Cir., 1950, 186 F.2d 707; United States v. Bradford, 2 Cir., 1952, 194 F.2d 197, certiorari denied 343 U.S. 979, 72 S.Ct. 1079, 96 L.Ed. 1371; United States v. Lavelle, 2 Cir., 1952, 194 F.2d 202; Farnsworth v. United States, 1952, 91 U.S.App.D.C. 121, 198 F.2d 600, certiorari denied 344 U.S. 915, 73 S.Ct. 338, 97 L.Ed. 706; United States v. Kerschman, 7 Cir., 1953, 201 F.2d 682.

6. U. S. ex rel. Kassin v. Mulligan, 1935, 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.

Ed. 1501; Garrison v. Johnston, 9 Cir., 1939, 104 F.2d 128, 130; O'Grady v. Hiatt, D.C.M.D.Pa.1943, 52 F.Supp. 213, affirmed 3 Cir., 1944, 142 F.2d 558; United States v. Liebrich, D.C.M.D.Pa. 1932, 55 F.2d 341; United States v. Gray, D.C.1949, 87 F.Supp. 436.

7. Barber v. United States, 4 Cir., 1944, 142 F.2d 805, 807.

8. United States v. Mayer, 1914, 235 U. S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129; United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247.