Joseph NAPLES, Petitioner-Appellee,

v.

E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellant.

No. 16823.

United States Court of Appeals
Sixth Circuit.

Nov. 4, 1966.

David L. Kessler, Asst. Atty. Gen., Columbus, Ohio (William B. Saxbe, Atty. Gen., Columbus, Ohio, on the brief), for appellant.

Hubert D. Lappen, Logan, Ohio, and Dan W. Duffy, Cleveland, Ohio, for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by the State of Ohio on behalf of E. L. Maxwell, Warden, Ohio Penitentiary, respondent-appellant, from an order of the United States District Court, for the Southern District of Ohio, denying the motion of the respondent to vacate an order granting the petition of Joseph Naples, petitioner-appellee, for a writ of habeas corpus.

The petition was properly filed in the District Court after the petitioner had exhausted his state remedies. (Sections 2241(a) (c) (3) and 2254, Title 28, U.S.C.) At a second hearing on the petition in the District Court, on October 27, 1964, the district judge directed counsel for both parties to file briefs on the questions of whether or not failure to afford the petitioner a preliminary hearing in the Municipal Court of Youngstown, Ohio, denied the petitioner his constitutional right to due process and of what effect a consent to search would have upon the search warrant.

Briefs were accordingly filed and a hearing was had in the court on December 22, 1964. At this hearing counsel appearing for the respondent, an assistant to the Attorney General of Ohio, recommended to the trial judge that the writ be granted on the ground that the petitioner "was deprived of his constitutional right in that due process was not had in the courts at Youngstown, Ohio." Counsel further recommended that in the "interest of justice" the case be remanded to the Municipal Court at Youngstown. These recommendations were contrary to the tenor of counsel's brief which was then before the court.

The district judge said, in response to the recommendations,

"Well, if the State of Ohio feels that due process has not been followed in this case and that in the interest of justice the writ ought to issue, the Court is inclined to follow the recommendations of the Attorney General of Ohio and the defendant will be remanded for trial, with the proviso that he be placed under a $10,000 bond, that he be tried within 60 days or be discharged in accordance with the order of this Court."

An order of the court was entered accordingly on December 23, 1964. In this order the district judge remanded the petitioner to the Common Pleas Court of Mahoning County. There was no determination of the petition on the merits.

The petitioner posted bond for $10,000 and was released. A motion was promptly filed on December 28th on behalf of the respondent to vacate the order granting the writ. The motion was filed under Rule 60(b) of the Federal Rules of Civil Procedure. It was claimed that the assistant to the Attorney General was guilty of neglect in that he had no authority to make the recommendation for the petitioner's release. Another part of the motion sought to strike the language of the recommendation from the record.

The assistant who made the recommendation was discharged by the Attorney General. Uncontradicted evidence, including an affidavit and testimony of the assistant, to the effect that the assistant had no authority to make the recommendation was submitted to the court. Subsequently, on August 24, 1965, the district judge denied the motion to vacate the order of December 23, 1964 and this appeal followed. A judge of this Court granted a stay of execution, pending appeal, of that part of the order providing for trial in sixty days.

 Upon consideration of the briefs of counsel and upon the record in the case, we conclude that there was neglect of duty on the part of the assistant to the Attorney General, and that this was excusable and could not have been avoided on the part of the Attorney General, the counsel for the respondent. The district judge was in error in denying the motion to vacate the order granting the petition for a writ of habeas corpus. Because of this neglect and in the interest of justice, under Rule 60(b) (6) of the Federal Rules of Civil Procedure, the order of August 24, 1965, denying the motion to vacate the order of December 23, 1964, is vacated and set aside. The case is remanded to the District Court with instructions to vacate the order of December 23, 1964 and to conduct a hearing for the determination of the petitioner's rights on the petition and the respondent's answer thereto.