437 F.2d 413
 Carl H. CARTER, Appellant,
v.
CHIEF OF POLICE et al. of Red Bank, New Jersey, Vincent Keuper, Prosecutor, Monmouth County, New Jersey, George F. Kugler, Attorney General, New Jersey.
 No. 18291.
 United States Court of Appeals, Third Circuit.
 Submitted September 22, 1970.
 Decided January 27, 1971.
 
 Carl H. Carter, pro se.
 Joseph T. Maloney, Eugene T. Urbaniak, Division of Legal Affairs, Trenton, N.J., for N.J. Atty. Gen.
 Elliot L. Katz, Arnold B. Levin, Asst. Prosecutors, Freehold, N. J., for Vincent Keuper.
 Martin M. Barger, Samuel Carotenuto, Reussille, Cornwell, Mausner & Carotenuto, Red Bank, N.J., for Chief of Police.
 Before HASTIE, Chief Judge, and FREEDMAN and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 The district court dismissed the appellant's pro se civil complaint on the ground that it does not state a cause of action against any of the defendants for vindication of such civil rights as are comprehended by section 1343(3) of title 28, United States Code and section 1983 of title 42 upon which the complaint is based. In addition to reviewing that order, we also consider a related order denying the appellant's request that a statutory 3-judge court be convened to hear this case.
 
 
 2
 The defendants named in the complaint are Arthur Sills, Attorney General of New Jersey at the time of the events in suit, and Vincent Keuper, Prosecutor of Monmouth County. The complaint also lists as a defendant, without naming him, the "Chief of Police of Red Bank, New Jersey." And during the pendency of this appeal, at the appellant's request, George F. Kugler, who succeeded Arthur Sills as Attorney General of New Jersey, was added as a party to the litigation.
 
 
 3
 The wrongs alleged in the complaint relate to an arrest of the plaintiff by Red Bank, New Jersey, police officers followed by an unsuccessful prosecution in a New Jersey state court on a charge of forgery and conspiracy to defraud. Injunctive relief is sought against harassment through further prosecution. There is no prayer for damages. The plaintiff also seeks the return of unspecified property allegedly taken from him.
 
 
 4
 The complaint specifies no wrongdoing on the part of Attorney General Sills or his successor, Attorney General Kugler. While it is alleged that Red Bank city police officers maliciously arrested the plaintiff and that the local authorities prosecuted him, the Attorney General of New Jersey is connected with this only by an allegation that his office has general supervision over law enforcement within the state. There is not even any allegation to indicate a basis for belief that the Attorney General condoned the alleged misconduct of local law enforcement officers or that it is likely to be repeated, with or without his sanction. Thus, the complaint alleges nothing that, if proved, would constitute a basis for enjoining either Attorney General under the provisions of procedural section 1343(3) of title 28 and the underlying substantive section 1983 of title 42.
 
 
 5
 With reference to the unnamed defendant, "Chief of Police of Red Bank," as in the case of the Attorney General of New Jersey, the complaint does not indicate that he did, or failed to do, or is likely to do anything in violation of the Civil Rights Act. Thus, no cause of action is stated.
 
 
 6
 Apparently, the wrong charged against the county prosecutor is an unwarranted initiation of a criminal proceeding against the plaintiff. But in Bauers v. Heisel, 3d Cir. 1966, 361 F.2d 581, cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457, we considered a similar complaint and concluded that a prosecutor, acting within his jurisdiction, could not be required to respond in damages for his official action in initiating a prosecution. But even if that ruling should be held not to preclude injunctive relief,[1] nothing is alleged to indicate a likelihood that the prosecutor will predicate a second prosecution upon the matter here in suit.
 
 
 7
 The complaint also seeks the return of property allegedly taken from the petitioner. Apart from the failure of the complaint to identify the property or to indicate who has it, the unlawful detention of one's chattels is not the sort of wrong to which the Civil Rights Act is applicable.
 
 
 8
 Finally, the district court denied a motion of the plaintiff for the convening of a statutory 3-judge panel for the hearing and disposition of this complaint. Because the complaint presents no doubtful or substantial constitutional issue, the action of the district court was proper.
 
 
 9
 The judgment will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Cf. Peek v. Mitchell, 6th Cir. 1970, 419 F.2d 575, 578.