Norman R. McLAUGHLIN, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

Martin R. HOFFMAN, Individually and in his capacity as Secretary of the Army, et al., Defendants-Appellees.

No. 75–2261.

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1977.

J. U. Blacksher, Mobile, Ala., Melvyn R. Leventhal, Jack Greenberg, Morris J. Baller, Charles S. Ralston, Bill Lann Lee, New York City, Joseph P. Hudson, Gulfport, Miss., for plaintiffs-appellants.

Charles S. White-Spunner, U. S. Atty., Edward J. Vulevich, Jr., Asst. U. S. Atty., Mobile, Ala., Robert E. Kopp, Judith S. Feigin, Atty., Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before THORNBERRY, SIMPSON and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant Norman McLaughlin, employed as a janitor by the General Services Administration in the office of the Corps of Engineers in Mobile, Alabama, requested promotion to the position of Computer Technician GS–4. Appellant's promotion request was denied, and he sought redress before his agency, charging that he was the victim of illegal racial discrimination. Appellant received an adverse agency resolution of his discrimination charge. He then filed the instant action in federal district court asserting claims under 42 U.S.C. § 2000e–16, which is amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the fifth amendment of the United States Constitution. Relief was sought on behalf of appellant individually and the class of all past, present, and future black and Latin American employees at the Mobile District Office. After holding that a full trial de novo is not, as a general rule, automatically required by 42 U.S.C. § 2000e–16, the district court did permit appellant a limited de novo hearing on his individual claims. Following this hearing, appellant was awarded back pay, attorney's fees, expenses, and in-

junctive relief directing appellees to cease denying him employment as a computer technician. The district court refused, however, to allow appellant to maintain his lawsuit as a class action. It is from this latter ruling that appeal is sought.[1]

Although the parties have not raised the issue,[2] we feel constrained to address the threshold question of mootness since appellant, in his capacity as individual plaintiff, received a limited trial de novo in the district court and was awarded back pay, attorney's fees, expenses, and injunctive relief. Insofar as the only named plaintiff in this lawsuit has received substantially all the relief he requested in an individual capacity, it is at least arguable that a viable controversy no longer exists between appellant and appellees. We, however, reject this contention.

The Supreme Court confronted a similar situation in *Board of School Commissioners v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975). There, six named plaintiffs challenged as unconstitutional certain rules and regulations enforced by the board. While the complaint in *Jacobs* cast the suit as a class action, the district court, apparently through inadvertence, failed to properly certify the suit as a class action under Fed.R.Civ.P. 23(b)(2). When *Jacobs* came before the Supreme Court, all the named plaintiffs had graduated from high school and were no longer subject to the challenged rules and regulations. Relying on a case decided the same Term, *see Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the Court held that, absent proper certification of the class action, the mootness of the lawsuit from the point of view of the named plaintiffs destroyed jurisdiction over the remaining class claims in the complaint. The Court reasoned that since the class of unnamed plaintiffs was never certified by the district court, the class nev-

---

1. The government filed the first notice of appeal, which sought review of the district court's decision to grant appellant a limited trial de novo on his individual claims. The government has not, however, pursued this issue on appeal.

2. While neither party raises this issue, mootness is a jurisdictional question under Article III, which may be raised by the court. *Benton v. Maryland*, 395 U.S. 784, 787–788, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *but see Cruz v. Hauck*, 515 F.2d 322, 325, n.1 (5 Cir. 1975).

er attained a legal status independent of that asserted by the named plaintiffs. The case was remanded to the district court with directions to dismiss the complaint.

But *Jacobs* is distinguishable from appellant McLaughlin's case in at least two critical respects. The statutory and constitutional violations alleged in appellant's complaint are not of a type "capable of repetition, yet evading review." *See Sosna v. Iowa, supra* ; *American Party v. White*, 415 U.S. 767, 94 S.Ct. 1296, 39 L.Ed.2d 744 (1974); Comment, 88 Harv.L.Rev. 373 (1974). On the contrary, we can safely assume that alleged racial discrimination in an industrial setting is of sufficient duration in the great run of cases to permit full and meaningful judicial review, and in appellant's particular case, at least, the allegations in the complaint themselves dispel any notion that the alleged discrimination has terminated at this time. In *Jacobs*, however, the Court's discussion and holding was limited to the situation where the challenged conduct is "capable of repetition, yet evading review," and the Court's opinion stands simply as a refinement of the earlier decision in *Sosna v. Iowa, supra*. *Jacobs* was not, we feel, intended to disturb the sound rule requiring that the case or controversy remain live from the viewpoint of the named plaintiff to assure jurisdiction of the related class claims. *See, e. g., Jenkins v. United Gas Corp.*, 400 F.2d 28 (5 Cir. 1968).

More importantly, in *Jacobs* the case was moot as to the named plaintiffs. Here a live controversy still exists between appellant McLaughlin and appellees. In addition to the relief awarded to appellant on an individual basis, the complaint requested class-wide injunctive relief directing appellees to dismantle their allegedly discriminatory hiring and promotion system.[3] As a

---

**3.** "Wherefore, plaintiff respectfully prays this Court to advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing to:

     *    *    *    *    *    *

3. Grant plaintiff and the class he represents a preliminary and permanent injunction enjoining defendants from maintaining or continuing the present area-of-consideration system or any hiring and promotion system which discriminates against minority employees and potential employees by excluding or depriving them of the opportunity to be considered for employment in the same manner as are whites, and direct defendants to permit plaintiff and the class he represents to be considered for all job openings for which they qualify regardless of whether they are currently employed by the Corps or any branch of the United States government.

     *    *    *    *    *    *

5. Grant plaintiff and the class he represents a preliminary and permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with them and at their direction from engaging in any racially discriminatory employment practices, and specifically from:

A. Maintaining racially segregated job classifications, job groupings, and departments;

B. Considering only white people and persons already employed in the Corps' Mobile District for higher paying jobs and for jobs offering the most opportunity for training and advancement, and restricting blacks and persons of Latin American descent to the lowest-paying jobs and jobs with little opportunity for advancement or training;

C. Preventing employees and applicants for employment who are Negroes or persons of Latin American descent from obtaining training or skills essential to the better and higher-paying jobs;

D. Severely limiting or denying employees who are Negroes or persons of Latin American Descent the right to transfer into previously or predominately white jobs and departments by any means;

E. Requiring, as a condition for the employment or promotion or transfer of plaintiff or members of the class into any job which has been limited or restricted to white employees, residence or experience in any other or lower position which cannot be shown to be a necessary job qualification for the job sought;

F. Failing to recruit and hire Negroes and persons of Latin American descent generally, and in particular, for predominately white jobs and departments;

G. Failing to recruit and hire Negroes and persons of Latin American descent for temporary or part-time positions;

H. Utilizing screening procedures and devices which discriminate against minority employees and applicants for employment in hiring and in the competition for the better and higher-paying jobs, which have not been shown to be job-related or validated as predictors of job performance.

I. Failing to take affirmative action to remedy the effects of past and ongoing discrimina-

member of the class alleged in the complaint, appellant stands to benefit in the future from any class-wide relief that may be granted by the district court, notwithstanding the fact that he was granted back pay, expenses, attorney's fees, and injunctive relief relative to his sought-after promotion to computer technician. That is, appellant stands to benefit directly from the injunctive relief he requested on behalf of his class, and the controversy between appellant and appellees is therefore sufficiently concrete to support Article III jurisdiction.[4] *See Jenkins v. United Gas Corp.,* supra at 30.

■ Since there is no jurisdictional bar to consideration of this appeal, McLaughlin's contention that the district court erred in denying class status may be examined. A detailed discussion of this question is unnecessary, however, since this court was confronted with the same issue in *Eastland v. Tennessee Valley Authority,* 547 F.2d 908 (5 Cir. 1977). In *Eastland* we held that the 1972 Amendments to the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, permit a plaintiff to maintain a class action, provided that he has exhausted his administrative remedies. *Eastland v. Tennessee Valley Authority,* 547 F.2d at 915. *Cf. Simmons v. Schlesinger,* 546 F.2d 1100 (4 Cir. 1976) (petition for rehearing and rehearing *en banc* pending). Accordingly, we hold that the district court erred in refusing to consider McLaughlin's class action allegations. We decline to rule on appellees' argument that McLaughlin is not a proper class representative. This question should be examined by the district court on remand when it conducts a hearing to determine whether

maintenance of a class action would be proper under Fed.R.Civ.P. 23(a) and 23(b)(2).[5]

REVERSED AND REMANDED.

---

tion on the basis of race and national origin, which affirmative action shall include, as a minimal remedial measure, goals and timetables designed to bring the racial and ethnic composition of the Corps' work force into conformity with that of the composition of the population of the Mobile, Alabama geographical area."
District Court Record at 10–13.

4. If on remand it is brought to the attention of the district court that appellant McLaughlin is no longer an employee at the Mobile Division, then the district court must dismiss the remaining class claims as moot. *See Jenkins v. United Gas Corp.,* 400 F.2d 28 (5 Cir. 1968); *cf.*

*Board of School Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975); *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

5. Appellant's discrimination claims predicated upon 42 U.S.C. § 1981 and the fifth amendment of the United States Constitution need not be formally addressed in view of the Supreme Court's holding in *Brown v. GSA,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), that 42 U.S.C. § 2000e–16 provides the exclusive judicial remedy for federal employee discrimination claims.