BLD-261                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1092
_____

ROBERTO BERAS,
                                        Appellant

v.

WARDEN MOSHANNON VALLEY CORRECTIONAL CENTER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-17-cv-00116)
District Judge: Honorable Kim R. Gibson

_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on July 23, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: August 21, 2020)

_____

_____

OPINION[*]
_____

PER CURIAM

Roberto Beras appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will grant the Government's motion for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

In 2001, Beras was convicted in the U.S. District Court for the Southern District of New York of money laundering, evading currency reporting requirements, and related crimes. His sentencing court sentenced him to 292 months in prison and required him to forfeit $10 million. The U.S. Court of Appeals for the Second Circuit affirmed. See United States v. Dinero Express, Inc., 313 F.3d 803 (2d Cir. 2002). Beras has since unsuccessfully challenged his sentence in his sentencing court under 28 U.S.C. § 2255 and in his various courts of confinement with habeas petitions under 28 U.S.C. § 2241. See, e.g., Beras v. Johnson, No. 2:17-cv-00276, 2017 WL 9360905, at *1 (W.D. La. Sept. 13, 2017), report and recommendation adopted, 2018 WL 2222352 (W.D. La. May 14, 2018).

At issue here is another such § 2241 petition. This time, Beras claimed that his order of forfeiture is invalid under Honeycutt v. United States, 137 S. Ct. 1626 (2017), which held that forfeiture under 21 U.S.C. § 853 may not be ordered on a joint and several basis and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

is instead limited to property that the defendant personally acquired. See United States v. Gjeli, 867 F.3d 418, 427 (3d Cir. 2017). Beras further claimed that Honeycutt requires relief not only from his order of forfeiture, but also from all of his convictions and the entirety of his sentence. The District Court, acting on a magistrate judge's recommendation, denied Beras's § 2241 petition on the ground that Beras cannot assert this challenge under § 2241.

Beras appeals. Beras does not require a certificate of appealability to appeal from the denial of his § 2241 petition, see Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017), so we have jurisdiction under 28 U.S.C. § 1291, see id. at 183. The Government has filed a motion for summary affirmance, which Beras opposes.

II.

We will grant the Government's motion and affirm for the reasons explained by the District Court. In brief, Beras cannot assert his Honeycutt challenge under § 2241 for at least two reasons.

First, federal prisoners wishing to collaterally challenge their sentences generally must do so in their sentencing courts under 28 U.S.C. § 2255. See Bruce, 868 F.3d at 178. Beras relies on the exception that we recognized in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), but that exception does not apply. Under that exception, "a prisoner must assert a 'claim of "actual innocence" on the theory that "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision"'" Bruce, 868 F.3d at 180 (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). The exception does not apply here because even if Honeycutt invalidates Beras's forfeiture

3

order (which we do not decide), that circumstance would not render noncriminal any of his conduct of conviction.

Second, habeas relief is available only from "custody." See United States v. Ross, 801 F.3d 374, 379 (3d Cir. 2015); Kravitz v. Pennsylvania, 546 F.2d 1100, 1102 n.3 (3d Cir. 1977). Monetary components of a sentence generally do not qualify, see Ross, 801 F.3d at 380, and Beras has not alleged anything suggesting that his forfeiture order is different. Thus, to the extent that Beras's petition can be construed to seek relief from his forfeiture order, he may not do so under § 2241.

III.

For these reasons, we grant the Government's motion for summary affirmance and will affirm the judgment of the District Court. We express no opinion on whether Beras might be eligible for relief under Honeycutt in his sentencing court. No action will be taken on Beras's motion for leave to file record excerpts or an appendix because that motion has been referred to the merits panel and this appeal is being resolved before briefing. We nevertheless note that we have considered Beras's motion and his brief in reaching our disposition.