**UNITED STATES of America ex rel. Ollie BELL, #45478, Appellant,**

v.

**Warren PINTO.**

**No. 17848.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Jan. 23, 1970.

Decided March 31, 1970.

Ollie Bell, pro se.

David S. Baime, Asst. Prosecutor, Newark, N. J. (Joseph P. Lordi, County Prosecutor of Essex County, Newark, N. J., on the brief), for appellee.

Before FORMAN, SEITZ and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

This appeal is from an order of the district court denying without hearing a petition for a writ of habeas corpus challenging a 1955 New Jersey robbery conviction upon a plea of non vult.

Petitioner asserts that at the time he entered his plea he "was not represented by counsel, nor advised of the right to have same appointed for the purpose of defense." He also asserts that he did not understand the significance of the plea of non vult and that he "was never really advised by law, as to my rights, notwithstanding my plea."

The district court in an unreported opinion held that the transcript of the arraignment at which petitioner entered his plea "contradicts" petitioner's claim that he did not waive his right to counsel and "clearly shows that the court offered the assistance of counsel to the petitioner but that he intelligently and understand-

ingly waived his right to counsel." The district court did not discuss petitioner's claim that he did not understand the significance of his plea. Moreover, the district court made no reference to a state post-conviction hearing on these claims held on February 9, 1968, at which petitioner testified, and it does not appear from the record that the district court had that transcript before it.

■ Since it appears that all relevant state records were not before the district court, we do not pass on the merits of petitioner's claim that it was error to deny him relief without hearing. Rather, we follow the procedure adopted in United States ex rel. Thomas v. Maroney, 406 F.2d 992 (3d Cir. 1969), and return the matter to the district court for an examination of the state post-conviction transcript and a determination of its effect on the factual issues involved here.

■ Although the state has not raised the issue in its brief, we think it must be decided whether petitioner can be deemed "in custody in violation of the Constitution or laws or treaties of the United States" as required by the Habeas Corpus statute, 28 U.S.C. § 2241(c) (3). See United States ex rel. Di Rienzo v. New Jersey, 423 F.2d 224 (3d Cir. 1970) and cases cited therein. The district court opinion states that petitioner has fully served the sentence on the conviction under attack and is now serving a sentence for a "subsequent conviction." There is no discussion of the "in custody" requirement. Since the record before us contains insufficient facts for making a determination whether petitioner is "in custody," and since we have found it necessary to remand this case to the district court, we deem it appropriate for the district court to determine in the first instance whether the "in custody" requirement can be met.

The order of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.