**The UNITED STATES**

v.

**Ainsworth Charles JACKSON.**

**Appeal of Ainsworth C. JACKSON.**

**No. 81–3076.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
June 17, 1982.

Decided July 19, 1982.

Ainsworth Charles Jackson, appellant pro se.

Judy L. Goldstein, James A. Backstrom, Jr., Philadelphia, Pa., for appellee.

Before ALDISERT, HUNTER and SLO-VITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The question for decision is whether the district court had jurisdiction to entertain a pro se motion brought by appellant under 28 U.S.C. § 2255 to vacate a sentence imposed in 1973, from which he was unconditionally released in 1979. The district court determined that it lacked jurisdiction. On the basis of the record before us, we have concluded that it is necessary to remand this case to the district court to determine whether the 1973 sentence directly affects the duration of appellant's present confinement under a subsequent conviction in another jurisdiction.

On September 24, 1979, appellant Ainsworth Jackson moved to vacate his 1973 conviction in the Eastern District of Pennsylvania for possession of stolen government property, forgery, and uttering United States Treasury checks.[1] He had been unconditionally released from the sentence on these charges on May 4, 1979, but he was serving a five to fifteen year sentence in the District of Columbia for forgery, false pretenses, and uttering bank checks with intent to defraud. The district court held that it was without jurisdiction and dismissed the motion.[2] Jackson appeals solely on this issue.[3]

Section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

On appeal, as in his motion to reconsider the order of the district court, Jackson argues that the district court had jurisdiction of his motion even though he was not in custody under the 1973 conviction, because his sentence under the 1977 conviction had been enhanced because of his prior conviction.[4] The government does not directly respond to this argument,[5] but it asserts

1. Appellant attacked his 1973 conviction on the grounds that his conviction was obtained on the basis of an involuntary guilty plea and that he was deprived of having his conviction set aside pursuant to 18 U.S.C. § 5021(a) when he was extradited to state authorities in Virginia and Maryland allegedly in violation of the mandate of his sentence. *See* 18 U.S.C. § 5010(b).

2. The district court also held that the motion, even if treated as a petition *coram nobis*, had no merit.

3. For this court to have jurisdiction, the notice of appeal must be timely filed. Fed.R.App.P. 4(a); *see Rothman v. United States*, 508 F.2d 648, 651 (3d Cir. 1975). Because it is unclear whether appellant served his "Motion To Reconsider Order Or In The Alternative, Motion For Leave To Take An Interlocutory Appeal In Forma Pauperis" within ten days after the entry of final judgment as required by Fed.R. Civ.P. 59(e), so as to toll the running of the appeal period under Fed.R.App.P. 4(a)(4), we will treat the document as a notice of appeal pursuant to Third Circuit Rule 8.

4. D.C.Code Ann. § 22–104 states in pertinent part:

(a) If any person: (1) Is convicted of a criminal offense (other than a non-moving traffic offense) under a law applicable exclusively to the District of Columbia; and (2) was previously convicted of a criminal offense under any law of the United States or of a state or territory of the United States which offense, at the time of the conviction referred to in clause (1) of this subsection, is the same as, constitutes, or necessarily includes, the offense referred to in that clause, such person may be sentenced ... to imprisonment for a term not more than one and one-half times the maximum term of imprisonment prescribed for that conviction.

5. After appellant filed his § 2255 motion, the government moved to dismiss for lack of jurisdiction. The district court granted the government's motion. On appeal, the government moved this court to remand for a redetermination of the jurisdictional issue because the government then believed that the district court had jurisdiction to consider the motion. Although we granted that motion, *United States v. Jackson*, No. 80–1901 (3d Cir. December 3, 1980), the government subsequently submitted nothing to support its contention that the district court had jurisdiction. The district court again dismissed appellant's § 2255 motion for lack of jurisdiction. On this appeal the government reverses itself yet again and argues that the district court was without jurisdiction.

that our decision in *Kravitz v. Commonwealth of Pennsylvania*, 546 F.2d 1100 (3d Cir. 1977), is controlling. In *Kravitz*, the appellant filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a conviction for which she was unconditionally released from custody at the time she filed her petition. We held that the custody requirement of § 2254 was not satisfied by one who, at the time of filing the petition, had been unconditionally released. *Id.* at 1102. However, *Kravitz* did not involve a situation where, as here, at the time the petition was filed the petitioner was "in custody" on another conviction which he was not attacking. We dealt with this problem in *United States ex rel. Di Rienzo v. State of New Jersey*, 423 F.2d 224 (3d Cir. 1970), in which we held that the district court had jurisdiction to entertain a habeas corpus petition if invalidation of petitioner's challenged sentence could eventually lead to a shortening of his present sentence. Similarly, in *Lyons v. Brierley*, 435 F.2d 1214 (3d Cir. 1970), relying on *Di Rienzo*, we held that when a completed earlier sentence which is under attack directly and indubitably affects the duration of a petitioner's confinement under a later sentence, there is no lack of custody or of jurisdiction to entertain the application for habeas corpus.

Because a record of appellant's 1977 sentencing proceedings in the District of Columbia apparently was not made available to the district court, and therefore is not properly before us, we unfortunately again must remand this case to the district court to determine whether the 1973 sentence directly affects the duration of appellant's confinement under the sentence which he is presently serving. *See United States ex rel. Bell v. Pinto*, 423 F.2d 511 (3d Cir. 1970) (per curiam). Our own independent research has disclosed that a record of the 1977 sentencing proceeding is now available in the District of Columbia.

We expressly do not meet the merits of appellant's contentions.

We therefore vacate the judgment of the district court and remand these proceedings for a determination of whether the convic-

tion appellant challenges positively and demonstrably affects the duration of his confinement under the second sentence and therefore meets the custody requirement of § 2255.

The government is directed to make available to the district court forthwith a copy of the record in the 1977 sentencing proceedings in the District of Columbia.