UNITED STATES of America

v.

Ainsworth Charles JACKSON.

Crim. No. 73–314.

United States District Court,
E. D. Pennsylvania.

Dec. 3, 1982.

Peter F. Vaira, U.S. Atty., James A. Backstrom, Jr., Sp. Asst. U.S. Atty., Philadelphia, Pa., for petitioner.

Ainsworth Charles Jackson, pro se.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Petitioner Ainsworth Jackson ("Jackson") has filed a pro se motion pursuant to 28 U.S.C. § 2255 seeking to vacate a sentence imposed in the Eastern District of Pennsylvania in 1973, a sentence from which he was unconditionally released in 1979. Because petitioner was no longer under custody of that sentence, the Court dismissed his petition for lack of subject matter jurisdiction. See Order of August 10, 1981. On appeal, the United States Court of Appeals for the Third Circuit noted that Jackson might still be "in custody" within the meaning of 28 U.S.C. § 2255 if the existence of his 1973 conviction had resulted in his receiving a greater sentence when he was sentenced for another crime in the District of Columbia in 1977. For the reasons hereinafter set forth, the Court finds that Jackson's sentence in the Eastern District of Pennsylvania did affect his sentence in the District of Columbia and that this Court has subject matter jurisdiction to hear petitioner's complaint.

Mr. Jackson pleaded guilty to charges of forgery of a U.S. Treasury check and possession of stolen property before the Honorable A. Leon Higginbotham on September 11, 1973 and was sentenced to an indeterminate sentence pursuant to the Youth Corrections Act, 18 U.S.C. § 5010(b) until discharged by the Federal Youth Correction Division of the United States Board of Parole as provided in 18 U.S.C. § 5017(c). Jackson pleaded guilty to two counts of a 13-count indictment. Count One charged him with possession of stolen property. Count Two charged him with forgery of a U.S. Treasury check. According to this Eastern District sentence, Mr. Jackson was to have a mandatory release date of September 11, 1979. However, he did receive credit for pretrial incarceration and his sentence officially expired and he was unconditionally released from the Eastern District sentence on May 4, 1979. It is this sentence which petitioner now seeks to vacate through his motion to vacate sentence pursuant to 28 U.S.C. § 2255. Specifically, petitioner attacks his conviction on Count Two of the Eastern District indictment and contends that his plea of guilty as to that Count was involuntary. On July 25, 1975, Jackson was arrested in Washington, D.C. on charges of uttering bank checks with intent to defraud and for forgery and false pretenses. He was in custody awaiting trial on this charge from July 25, 1975 to December 1, 1975, a total of 130 days. He was convicted on June 7, 1977, and received 9 concurrent sentences, the longest of which was 5 to 15 years. Jackson is currently serving this sentence. Jackson has been arrested, tried, convicted, and paroled on other charges as well. Mr. Jackson's "odyssey through the Courts and penal institutions" is more fully recounted in the Report and Recommendation of United States Magistrate Peter B. Scuderi of April 24, 1981.

On July 19, 1982, the Third Circuit remanded Jackson's petition to this Court "for a determination of whether the conviction appellant challenges positively and demonstrably affects the duration of his confinement under the second [1977 District of Columbia] sentence and therefore meets the custody requirement of § 2255." The *United States v. Ainsworth Charles Jackson,* 684 F.2d 245 at 247 (3d Cir.1982). If the petitioner is not "in custody" due to the sentence being attacked, this Court is without jurisdiction to hear this motion. *See* 28 U.S.C. § 2255 foll. Rule 1; *United States v. Loschiavo,* 531 F.2d 659 (2d Cir.1976); *Bjerkan v. United States,* 529 F.2d 125 (7th Cir.1975). In remanding to this Court, the Third Circuit instructed this Court to examine the record of the 1977 District of Columbia sentencing proceedings "to deter-

mine whether the 1973 sentence directly affects the duration of appellant's confinement under the sentence which he is presently serving." At 247. Unless this record shows that the Eastern District sentence "positively and demonstrably" has lengthened the duration of Jackson's District of Columbia sentence, this Court is without jurisdiction to consider Jackson's petition.

After Jackson filed this § 2255 motion, the government first took the position that this Court was without subject matter jurisdiction to hear the petition. The Court granted the government's motion to dismiss for lack of jurisdiction. On appeal, the government moved the Third Circuit to remand the petition to this Court for a redetermination of the jurisdictional issue because the government had changed its mind and argued that jurisdiction was present. The Third Circuit granted this motion on December 3, 1980. On remand, the government submitted nothing to support its contention that this Court had jurisdiction. As heretofore noted, this Court determined it was without jurisdiction and dismissed the petition on August 10, 1981. On appeal, the government again reversed itself and argued before the Third Circuit that no jurisdiction existed. As heretofore noted, however, the Third Circuit remanded and adopted a legal standard for determining jurisdiction that when applied to this case shows that subject matter jurisdiction is present in this case.

The United States Attorney has provided to this Court the complete record of sentencing proceedings in *United States v. George Jackson a/k/a Ainsworth Charles Jackson,* District of Columbia Cr. Nos. 31840 and 65583–76 in the District of Columbia Superior Court. In examining this record, this Court notes that D.C.Code Ann. § 22–104 provides in relevant part:

(a) If any person: (1) is convicted of a criminal offense (other than a non-moving traffic offense) under a law applicable exclusively to the District of Columbia; and (2) was previously convicted of a criminal offense under any law of the United States or of a state or territory of the United States which offense, at the time of the conviction referred to in clause (1) of this subsection, is the same as, constitutes, or necessarily includes, the offense referred to in that clause, such person may be sentenced . . . to imprisonment for a term not more than one and one-half times the maximum term of imprisonment prescribed for that conviction.

Thus, this Court has reviewed the record of Jackson's sentencing in the District of Columbia to determine whether the District of Columbia sentencing judge "positively and demonstrably" gave the petitioner a greater sentence than he would have received had he not been convicted in the Eastern District in 1973.

Prior to sentencing, the District of Columbia prosecutor had informed the Court that Jackson had been previously convicted in the Eastern District. Jackson denied that he was the same man convicted in Pennsylvania in 1973. The D.C. Court held a hearing on the matter, received evidence, and concluded

the defendant [Jackson] has been previously convicted of the same or similar offenses as defined in the two statutes [D.C.Code § 22–1301, 22–1401, 1410]. And, therefore, is subject to the increased punishment—penalties provided for in the two sections [pursuant to D.C.Code § 22–104].

N.T. at 17.

On June 7, 1977, Jackson was sentenced on 9 counts of a criminal indictment. He was sentenced on one count of forgery, one count of false pretenses, and seven counts of uttering checks with intent to defraud. D.C.Code § 22–1401 provides that one convicted of forgery "shall be imprisoned for not less than 1 year nor more than 10 years." The Honorable Donald S. Smith, Associate Judge of the Superior Court of the District of Columbia, sentenced Jackson to "not less than 5 years and not more than 15 years" in connection with the forgery count of the indictment against Jackson. This is the greatest sentence of the 9 imposed on Jackson, all of which run concurrently. Clearly, Judge Smith, who had held

a hearing and determined that the George C. Jackson on trial before him was the same Ainsworth Jackson convicted in the Eastern District on charges of forgery and possession of stolen property, employed D.C.Code § 22–104 to give the petitioner a sentence half again as long as would have otherwise been permitted under the D.C.Code. But for his forgery conviction and sentence in this Court, Jackson could not have received a sentence of more than 10 years for his crime of forgery in the District of Columbia. Because of his Eastern District conviction and sentence, Jackson received a District of Columbia sentence of up to 15 years. Thus, the Eastern District conviction "positively and demonstrably" resulted in the increased sentence Jackson received in the District of Columbia and this Court has subject matter jurisdiction to consider Jackson's instant petition to vacate his Eastern District sentence, even though he is no longer serving that sentence.

That Judge Smith considered Jackson's previous conviction for a similar crime is indicated by the transcript of the sentencing proceedings, in which Judge Smith stated:

> [the evidence at the hearing] demonstrates to the Court that in the particular case in which Ainsworth Charles Jackson, also known as George C. Jackson, was arrested in Philadelphia, Pennsylvania, that the prosecution was—resulted in a conviction by a plea of guilty to counts one and two of the indictment. Count two thereof being a violation of the United States Code, Title 18, Section 495, forgery. And the Court finds that forgery is a previous conviction of the same or similar offenses as defined in Title 2, Section 104 [of the D.C.Code].
>
> It is therefore the conclusion of this Court that the defendant has been previously convicted of the same or similar offenses as defined in the two [applicable D.C.] statutes. And, therefore, is subject to the increased punishment—penalties provided for in the two sections.

N.T. at 16–17. Judge Smith's cognizance of Jackson's criminal record is further revealed in the Judge's sentencing comments.

> George C. Jackson, I want to say something to you. I've had the opportunity now since January to observe you in my court, to observe your attitude in responses to the court, your interrelationship with your attorney. *I've heard all about your background and your prior convictions.* I have heard the evidence in the trial that lasted two weeks. And I must say that notwithstanding your protestations that the Government presented before this Court a mountain of evidence. The evidence was so strong that no reasonable person could ever have had any doubt whatsoever of your guilt. The evidence was overwhelming. You have stood before this Court without the slightest bit of decency or respect for the rights of other people. You have cheated, you have lied, *you have done everything that you can for the past seven years to be a disgrace to the country and your fellow citizens. You have done nothing but lead a life of crime.*
>
> So I find myself sentencing you today, a defendant—I've never seen anyone quite like you, a defendant without any social redeeming qualities. There is nothing about you to commend you or recommend you to anyone.

N.T. at 23 (emphasis added).

In its Order of August 10, 1981, this Court approved and adopted the Magistrate's Report and Recommendation that Jackson's petition was "without merit." Petitioner contends that his conviction and sentence should be set aside because (1) after his conviction and sentence he was extradited to Virginia and Maryland in violation of his sentence mandate; and (2) his conviction as to Count Two of the Eastern District indictment was obtained because of an involuntary guilty plea. In his Report and Recommendation of April 24, 1981, the Magistrate concluded that the former contention was meritless. The Court adopted the Magistrate's claim and dismissed this portion of petitioner's claim in its Order of August 10, 1981. That portion of the August 10 Order remains in full force and

effect. As to this latter claim, petitioner avers that he had agreed to plead guilty to Count One of the indictment but that when he appeared in court to enter this plea he was tricked into pleading guilty to Count Two of the 13-Count indictment as well.

The Magistrate's Report and Recommendation, which this Court approved on August 10, 1981, had concluded that petitioner was not prejudiced by his plea as to Count Two because he had been given concurrent sentences in connection with the two counts and thus was not adversely affected by the Count Two guilty plea, even if that plea was involuntarily obtained. The Magistrate's conclusion was undoubtedly affected by his analysis of the jurisdictional issue, wherein the Magistrate concluded that petitioner was not in custody within the meaning of § 2255. However, the application of the Third Circuit's standard upon remand has shown that petitioner's current incarceration was demonstrably affected by his Eastern District conviction upon Count Two of Indictment No. 73–314, charging him with forgery of a U.S. Treasury check, the offense similar to that for which petitioner was convicted in the District of Columbia in 1977.

Thus, if petitioner were able to prove that his plea as to Count Two of the Eastern District indictment was involuntary or otherwise improperly obtained, he may be entitled to relief and such relief could form the basis for a consequent attack on the District of Columbia sentence which he is currently serving. Petitioner has thus stated a claim which requires an answer on the merits. At this juncture, the government's only response to the instant § 2255 petition has been a motion to dismiss for lack of subject matter jurisdiction, filed at one of the junctures where the government was contending that jurisdiction did not exist. For these reasons, the Court will order the government to respond to the merits of Jackson's petition claiming that he did enter a voluntary plea of guilty to Count Two of Eastern District Indictment No. 73–314. An appropriate order will be accordingly entered.

## ORDER

AND NOW, this 3rd day of December, 1982, upon consideration of the Third Circuit's remand of July 19, 1982 in this matter to determine whether the conviction challenged positively and demonstrably affects the duration of petitioner's current confinement, the Court having determined, for the reasons set forth in this Court's Memorandum of December 3rd, 1982, that it has subject matter jurisdiction over the petitioner's § 2255 petition,

IT IS HEREBY ORDERED: The United States shall respond to the merits of petitioner Ainsworth C. Jackson's Motion to Vacate Sentence within thirty (30) days of the date of this Order.